# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | | |
|---|---|---|
| **CLAUDIA SPOERER,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. _____ |
| | ) | |
| **M I C H A E L  K I N G ,  A M Y** | ) | |
| **FAHLSTROM AND KROGER** | ) | |
| **SPECIALTY PHARMACY, LLC., A** | ) | |
| **LIMITED LIABILITY COMPANY,** | ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT
## AND DEMAND FOR JURY TRIAL

Claudia Spoerer, Plaintiff herein, files this Complaint against Michael King, Amy Fahlstrom and Kroger Specialty Pharmacy, LLC., Defendants herein, and alleges:

### PARTIES

1. Plaintiff, Claudia Spoerer, an individual, resides in Orange County, Florida.

2. Defendant, Michael King, an individual, resides at 6435 Hazeltine National Drive, Suite 140, Orlando in Orange County, Florida.

3. Defendant, Amy Fahlstrom, an individual, resides at 3200 Lake Emma

Road, Suite 1000, Lake Mary, in Seminole County, Florida.

4. Defendant, Kroger Specialty Pharmacy, LLC., a Limited Liability Company, has a principal place of business at 3200 Lake Emma Road, Suite 1000, Lake Mary, in Seminole County, Florida.

## JURISDICTION

5. The action arises under 42 U.S.C. §§ 12181 et seq. as hereinafter more fully appears.

6. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

7. This is an action under Title 42 U.S.C. Section 12101 et. seq. to correct unlawful employment practices on the basis of disability.

## CONDITIONS PRECEDENT

8. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS

9. Claudia Spoerer was hired as a Work Flow Coordinator by Kroger

Specialty Pharmacy in August of 2014. Mrs. Spoerer resigned on May 2, 2019 after enduring a hostile work environment, where her opportunities for advancement were stifled and her inquiries into policy and procedure were met with extreme opposition.

10. During Spoerer's five-year tenure with the company she maintained an exemplary personnel record, void of any disciplinary actions.

11. Spoerer transitioned to the position of Patient Access Coordinator with a primary role as Benefit Investigator #1, after previously serving as a Work Flow Coordinator and Patient Call Coordinator.

12. Based on Mrs. Spoerer's expertise, management instructed her on countless occasions to train and be shadowed by colleagues whom have ultimately been promoted in positions above her.

13. Defendant, Michael King, serving as Program Director supervised Mrs. Spoerer, however, he rarely engaged in any interaction with Spoerer. King elected to fraternize with select subordinates and typically, chose those few for promotion.

14. Mrs. Spoerer applied for two supervisory positions, one in August of 2017 and another in July of 2018, and was overlooked for both positions. Spoerer was not interviewed for the positions, despite her familiarity with both's duties.

15. Several of Spoerer's less knowledgeable and tenured colleagues were recommended and primed for the positions, and subsequently promoted.

16. Mrs. Spoerer seeking to resolve whatever issues may have lingered with management, inquired with numerous superiors regarding the stagnant nature of her

employment.

17. Mrs. Spoerer is diabetic and suffers from high blood pressure. A symptom common with both conditions are headaches.

18. Ms. Spoerer expressed to her Manager, Carolyn Rivera, that when she wore the headsets required for her position for long periods she experienced painful headaches. Spoerer offered an alternative to ensure she was efficient at her position, by requesting that she be allowed to adjust her settings to be alerted when she was receiving calls and only wear the headset during a call. She also inquired into alternate headsets.

19. As a result of her communication with Rivera, Defendant King summoned Spoerer into a meeting with Defendant, Amy Fahlstrom, to confront her regarding her requests.

20. Rivera requested doctor's proof of Spoerer's conditions and both Defendants, in their supervisory capacities on behalf of Defendant Kroger, they advised Spoerer that rather than not wear the headset when she was not taking calls, she should have continuously worn the headset until she could no longer take the discomfort and simply leave work early.

21. During the meeting, Defendants further informed Spoerer that her request for an accommodation would bear unfavorably if she applied for any promotion with the company.

22. Due to the continuing and escalating tension between management and

Mrs. Spoerer, she elected to resign from her position, as it became clear that any possibility of advancement within the Defendant company would be questioned.

23. On or about May 3, 2019, after providing Rivera her letter of resignation, Spoerer was confronted by Defendant Fahlstrom and Sonia Sorrell- Griffin, a corporate Human Resources representative. Ms. Sorrell-Griffin was aggressive and persistent in her demands for Spoerer to engage with the two of them privately. Spoerer explained that she would only feel comfortable speaking with them pertaining to current work related issues and/or by written correspondence based on the climate within the workplace at that time.

24. After about thirty minutes later, Spoerer, feeling bullied and dejected, was requested by Defendant Fahlstrom and Sorrell-Griffin and advised that despite her two weeks notice her tenure with Defendant Kroger was to end immediately. Spoerer was then followed off the premises by both Defendant Fahlstrom and Sorrell-Griffin.

25. As a direct and proximate result of the actions by Defendants, Plaintiff suffered lost wages and emotional distress due to the humiliating and demeaning acts of the Defendants..

**COUNT ONE**
**FAILURE TO PROVIDE A REASONABLE ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §§ 12181** *et seq.*

26. Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 25.

27.     Defendant, Kroger Specialty Pharmacy, LLC., by and through Defendant's agents, intentionally engaged in unlawful employment practices involving Plaintiff because of Plaintiff's disability.

28.     Defendant, Kroger Specialty Pharmacy, LLC., by and through Defendant's agents, intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section 12112. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect Plaintiff's status as an employee.

29.     Claudia Spoerer was diagnosed with diabetes, making her a "qualified individual with a disability" within the meaning of 42 U.S.C.A. § 12111 of the ADA. Claudia Spoerer could perform the essential functions of her position with or without a reasonable accommodation.

30.     About late October of early November, Claudia Spoerer notified Defendants about her disability and requested a reasonable accommodation for an alternate headset to be worn during her calls or the ability to adjust her call settings to manually receive notification of the call and then to wear the headset during calls only.

31.     Defendants refused to engage in the interactive process and denied Claudia Spoerer's request claiming that she needed a doctor's note proving her disability and subsequent symptoms.

32.     Defendants further indicated that Spoerer's request for an accommodation would affect her potential for advancement in the company and labeled her among

management as having a negative attitude.

33. At all material times, Plaintiff was able to perform the essential functions of Plaintiff's position with accommodation. Plaintiff has a disability which substantially limits at least one major life activity. Plaintiff was discriminated against on the basis of Plaintiff's disability.

34. Claudia Spoerer suffered damages as a result of Defendants' unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits and the costs of bringing this action.

35. Defendants intentionally violated Claudia Spoerer's rights under the ADA with malice or reckless indifference, and, as a result, are liable for punitive damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants and each of them for general damages, special damages, attorney's fees, and for such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

## COUNT TWO
## RESPONDEAT SUPERIOR AND RATIFICATION

36. Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 25.

37. At all times material to the act in question, Defendants, Michael King and Amy Fahlstrom was within the course and scope of employment for Kroger Specialty Pharmacy, LLC.

38. At all times material to the act in question, Defendants, Michael King and

Amy Fahlstrom was engaged in the furtherance of Kroger Specialty Pharmacy, LLC.'s business.

39. At all times material to the act in question, Defendants, Michael King and Amy Fahlstrom was engaged in accomplishing a task for which Defendants, Michael King and Amy Fahlstrom was employed.

40. Under the doctrine of respondeat superior, Kroger Specialty Pharmacy, LLC. is responsible for the damages of Plaintiff proximately caused by Defendants, Michael King and Amy Fahlstrom.

**WHEREFORE,** Plaintiff demands judgment against Defendants and each of them for general damages, special damages, attorney's fees, and for such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

### COUNT THREE
### CONSTRUCTIVE DISCHARGE

41. Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 25.

42. Kroger Specialty Pharmacy, LLC. made the working conditions so intolerable that Plaintiff felt compelled to resign Plaintiff's position. A reasonable person in the same position would have also felt compelled to resign. Plaintiff suffered damages for which Plaintiff herein sues.

**WHEREFORE,** Plaintiff demands judgment against Defendants and each of them for general damages, special damages, attorney's fees, and for such other and further

relief, in law or in equity, to which Plaintiff may be justly entitled.

## COUNT FOUR
### RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §§ 12181 *ET SEQ.*, AGAINST MICHAEL KING, AMY FAHLSTROM AND KROGER SPECIALTY PHARMACY, LLC.

43. Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 25.

44. Claudia Spoerer was qualified for her position and had provided adequate resignation, including two-weeks notice, when Defendants summarily terminated her employment.

45. On or about March 1, 2019, Claudia Spoerer engaged in protected activity by complaining to Defendant Amy Fahlstrom about the discriminatory treatment and requesting copies of her personnel files, based on Spoerer's disability and requests for a reasonable accommodation. Specifically, Claudia Spoerer told Carolyn Rivera that she experienced crippling headaches when she wore the assigned headsets for prolonged periods of time. Rivera responded that Spoerer should get a doctor's note to substantiate her claims that she was diabetic and that she suffered from headaches as a result of her diagnosis.

46. Only two months after Claudia Spoerer complained of disability discrimination, Defendants summarily terminated Claudia Spoerer on May 3, 2019, after she had provided two- weeks notice of resignation, allegedly because she refused to speak with Defendant Fahlstrom and Sonia Sorrell-Griffin in private regarding her

9

pending action against Defendant Kroger.

47. Plaintiff alleges that Michael King, serving as Spoerer's Program Director, instituted a campaign of retaliation which included being called into his office, and informally being reprimanded for requesting an accommodation. Kroger's supervisory personnel has made comments to Mrs. Spoerer regarding what effect her complaints and requests would have on her advancement within the company. This retaliation was and is due to Plaintiff exercising Plaintiff's rights by opposing a discriminatory practice and making a charge. Plaintiff suffered damages for which Plaintiff herein sues.

48. Plaintiff alleges that Amy Fahlstrom, instituted a campaign of retaliation which included her participation by phone during Spoerer's meeting with Defendant King. Defendant Fahlstrom's action also include demanding Mrs. Spoerer engage in a private meeting regarding Spoerer's pending claims against Defendant Kroger, despite being fully aware that Mrs. Spoerer had gained legal counsel and terminating Mrs. Spoerer prior to the completion of her final two weeks as stated in her resignation.

49. Defendant Fahlstrom then sought to humiliate and intimidate Mrs. Spoerer by following her through the company while she gathered her belongings and following Mrs. Spoerer off the premises in the presence of her colleagues.. This retaliation was and is due to Plaintiff exercising Plaintiff's rights by opposing a discriminatory practice and making a charge. Plaintiff suffered damages for which Plaintiff herein sues.

50. Plaintiff alleges that Kroger Specialty Pharmacy, LLC., instituted a campaign of retaliation which included having former colleagues document actions by

client and launching an internal investigation to "dig up dirt" on Mrs. Spoerer that could be used to substantiate their mistreatment and retaliatory termination of Mrs. Spoerer. This retaliation was and is due to Plaintiff exercising Plaintiff's rights by opposing a discriminatory practice and making a charge. Plaintiff suffered damages for which Plaintiff herein sues.

51. Defendants alleged reason for terminating Claudia Spoerer's employment is pretextual and baseless. Defendants accelerated her resignation, despite her desire to continue working through the two-weeks notice she provided, because she complained of disability discrimination, employment bias and retaliation.

52. Claudia Spoerer suffered damages as a result of Defendants' unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

53. Defendants intentionally violated Claudia Spoerer's rights under the ADA with malice or reckless indifference, and, as a result, are liable for punitive damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants and each of them for general damages, special damages, attorney's fees, and for such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

## COUNT FIVE
## LOSS OF EARNING CAPACITY

54. Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 25.

55. Defendants terminated Mrs. Spoerer prematurely and without justifiable reason and have disclosed sensitive personnel information regarding Spoerer in an effort to tarnish her stellar record of employment with Defendant Kroger.

**WHEREFORE,** Plaintiff demands judgment against Defendants and each of them for general damages, special damages, attorney's fees, and for such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

### DEMAND FOR ATTORNEY'S FEES

Plaintiff has employed Rasheed Karim Allen for representation in this action, and has agreed to pay a reasonable attorney fee to Rasheed Karim Allen.

Plaintiff is entitled to recover reasonable attorney's fees incurred in connection with this action pursuant to, inter alia, Section 760.11 of the Florida Statutes.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial of this action by jury.

### DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for her past and future loss of wages and benefits, plus interest;

C. Award Plaintiff compensatory and punitive damages;

D. Order Defendants to award Plaintiff attorneys' fees incurred in connection with this action; and

E. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

      I hereby certify that on June 24, 2019, a copy of the foregoing document was delivered to each person listed below by the method indicated.

Michael King
3200 Lake Emma Road, Suite 1000
Lake Mary, Florida  32746
By hand delivery

Amy Fahlstrom
3200 Lake Emma Road, Suite 100
Lake Mary, Florida  32746
Telephone:  (407) 708-5352
Facsimile:  (855) 500-0115
E-mail:  amy.fahlstrom@krogerhealth.com
By hand delivery

Kroger Specialty Pharmacy, LLC.
1201 Hays Street
Tallahassee, Florida  32301
By hand delivery

                Respectfully submitted,

                ALLEN & DAWSON, PLLC.
                189 S. Orange Avenue, Suite 1530-B
                Orlando, Florida  32801
                Telephone: (407) 986-2092
                E-Mail: rasheed@allen-dawson.com
                Secondary E-Mail: shonta@allen-dawson.com

                *DocuSigned by:*
                *Rasheed Karim Allen*
                6FFC32FB9F47417...

Rasheed Karim Allen
Attorney for Plaintiff
Florida Bar Number: 88525