UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLAUDIA SPOERER,

    Plaintiff,

v.                                      Case No:   6:19-cv-1216-Orl-41GJK

KROGER SPECIALTY PHARMACY, LLC,

    Defendant.
_____

## ORDER[1]

This Americans with Disabilities Act case comes before the Court without a hearing on Defendant's Motion to Compel Plaintiff to Provide Answers to First Set of Interrogatories, to Produce Documents in Response to First Request for Production of Documents, and to Provide Rule 26 Disclosures (Doc. 34). Plaintiff has not filed a response to the motion and the time within to do so has expired. When a party fails to respond, that is an indication that the motion is unopposed. Foster v. The Coca-Cola Co., No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); Jones v. Bank of Am., N.A., 564 Fed. A'ppx 432, 434 (11th Cir. 2014)[2] (citing Kramer v. Gwinnett Cty., 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004); Daisy, Inc. v. Polio Operations, Inc., No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed); Brown v. Platinum Wrench Auto Repair, Inc., No. 8:10-cv-2168-T-33TGW, 2012 WL 333803, at *1

---

[1] Judge Smith is temporarily handling this case in the place of Judge Kelly.
[2] "Unpublished opinions are not considered binding precedent, but may be cited as persuasive authority." CTA11 Rule 36-2.

(M.D. Fla. Feb. 1, 2012) (after party failed to respond, court treated motion for summary judgment as unopposed). The Court proceeds on the basis that this motion is unopposed.

Suit was filed on July 2, 2019; the parties held their initial Federal Rule of Civil Procedure 26(f) conference on October 1, 2019; and Defendant served its first interrogatories and requests for production on October 3, 2019 (Docs. 1; 21 at 2; 34, ¶ 2). As of November 11, 2019, Plaintiff had not filed her Rule 26(a)(1) initial disclosures or answered the interrogatories and requests for production (Doc. 34, ¶ 10). By rule, Plaintiff's initial disclosures were due by October 15, 2019, FED. R. CIV. P. 26(C), and her responses to the interrogatories were due by November 2, 2019, FED. R. CIV. P. 33(b)(2), 34(b)(2)(A). Defendant granted Plaintiff extensions to November 27, 2019, but the discovery was still not forthcoming. On this record, the motion to compel is **GRANTED**. Plaintiff shall, within ten days from the rendition of this Order, serve her full and complete initial disclosures and answers to the interrogatories, and produce the information requested by Defendant.

Federal Rule of Civil Procedure 37(a)(5) provides that if a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Still, the court will not order this payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A). A party's objection to discovery is substantially justified if

"reasonable people could differ as to the appropriateness of the contested action." Maddow v. Procter & Gamble Co., Inc., 107 F.3d 846, 853 (11th Cir. 1997) (citation omitted).

After due consideration, the Court finds: (1) Plaintiff has violated the Federal Rules of Civil Procedure; (2) Plaintiff has failed to fulfill her discovery obligations to Defendant; (3) Defendant's motion to compel discovery is unopposed; (4) Plaintiff was given an opportunity to respond to Defendant's request for attorney's fees and costs and did not respond; and (5) none of the exceptions in Rule 37(a)(5)(A)(i)-(iii) apply. Accordingly, Defendant is **AWARDED** its reasonable attorney's fees and costs for prosecuting the motion to compel. Defendant has 14 days from the rendition of this Order to file its application for fees and costs and then Plaintiff will have 14 days to respond. The parties may avoid this procedure by stipulating to the amount of attorney's fees and costs to be paid to Defendant.

**DONE** and **ORDERED** in Orlando, Florida on December 12, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties