UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLAUDIA SPOERER,

    Plaintiff,

v.                                  Case No:   6:19-cv-1216-Orl-41GJK

KROGER SPECIALTY PHARMACY,
LLC,

    Defendant.
_____

## ORDER

*"What we've got here is failure to communicate."*[1]

On March 18, 2020, the Court held a hearing (Docs. 51, 53) on Defendant's Motion to Compel Plaintiff's Deposition and Motion for Brief Extension of Time to Conduct Mediation (Doc. 48) and Defendant's Motion for Sanctions (Doc. 49). The motion to compel will be granted in part and denied in part.[2]

Defendant moves to compel Plaintiff to provide dates for her deposition and to extend the mediation deadline from March 16 to May 5, 2020, so that Defendant can take Plaintiff's deposition in advance of the mediation (Doc. 48, at 1, 2, 7). Defendant contends that despite emails and attempts to communicate with Plaintiff's counsel by phone, Plaintiff failed to provide dates for her deposition (Id., at 3, 6). Plaintiff counters that Defendant's attorneys did not confer with him as required by Local Rule 3.01(g) before filing the motion and that he was not informed of Defendant's desire to depose Plaintiff

---

[1] COOL HAND LUKE (Warner Bros. 1967).
[2] A report and recommendation will be entered on the motion for sanctions.

before mediation until defense counsel contacted him regarding the motion to compel (Doc. 52, at 4-6).

Suit was filed on July 2, 2019; the parties held their initial Federal Rule of Civil Procedure 26(f) conference on October 1, 2019; and Defendant served its first interrogatories and requests for production on October 3, 2019 (Docs. 1; 21 at 2; 34, ¶ 2). The mediation deadline was set for March 16, 2020 (Doc. 25, at 2). On November 27, 2019, Defendant filed a motion to compel Plaintiff to provide answers to its interrogatories, to produce documents in response to its requests for production, and to provide Rule 26 disclosures (Doc. 34). Plaintiff did not respond to the motion which was granted on December 12, 2019 (Doc. 35). While Plaintiff provided the discovery that day, the interrogatories were not signed under oath (Doc. 54, ¶ 27).

Plaintiff represents that the defense first requested deposition dates in an October 2nd email (Doc. 54, ¶ 28). Her attorney says he responded to the email and proposed dates in the January/February 2020 timeframe (Id.). According to Defendant's Case Chronology provided at the hearing,[3] the first time Defendant's lawyer contacted Plaintiff's lawyer regarding dates to depose Plaintiff was November 14, 2019 (Doc. 48-4, at 2), six weeks after the parties' Rule 26(f) conference. At the time, Defendant proposed dates in mid-January (Id.). Plaintiff's lawyer does not claim to have responded to the November 14th request (Id.; Hearing).

Defense counsel waited over two months, until February 12, 2020, to once again contact Plaintiff's attorney about setting Plaintiff's deposition. At that time, Defendant's lawyer sent an email to Plaintiff's lawyer proposing dates in late February (Doc. 48-14, at

---

[3] Plaintiff filed a response on March 23, 2020 in which she identifies the statements in the Chronology which she disputes (Doc. 54).

- 2 -

2). The email included an ultimatum: "Please let us know immediately if any of these dates work for you. Otherwise, we will have to take it up with the Magistrate Judge." (Id.). According to the Chronology, defense counsel's legal assistant telephoned the next day and was informed that Plaintiff's lawyer was out of the office, but that Plaintiff's availability would be confirmed when the attorney returned on February 17th (Chronology, ¶ 53). Plaintiff's attorney disputes this representation but does not specify what the disagreement was regarding setting the deposition (Doc. 54, ¶ 53). An email from Plaintiff's counsel's assistant dated February 17th states that she would verify the dates Plaintiff's lawyer was available for the deposition (Doc. 48-15, at 2). Thirty minutes after this email, Defendant responded with another ultimatum: "If we do not hear back by 5 PM today with both the notice of mediation and the availability for the deposition, we will be forced to move to extend the deadline of mediation and reschedule, and move to compel Plaintiff's deposition." (Id.). The only additional communication before the motion to compel was a notice of mediation filed by Plaintiff's attorney (Doc. 48; Chronology).

In most situations, including this one, Local Rule 3.01(g) requires the moving party to certify that it has conferred with opposing counsel and indicate whether opposing counsel opposes the relief sought in the motion. Defendant's Chronology confirms that no conference occurred before Defendant filed the motion to compel. Although the Case Management and Scheduling Order ("CMSO") specifically states that ultimatums in letters are not what is envisioned by Rule 3.01(g) (Doc. 25, at 4), it appears that is what Defendant's counsel sent before the motion was filed.

Plaintiff's attorney is also at fault. He failed in his duty to timely respond to communications from opposing counsel and to request a Rule 3.01(g) conference. The CMSO provides: "Counsel must respond promptly to inquiries and communications from

opposing counsel." (Doc. 25, at 4, citing Board of Governors of the Florida Bar, *Ideals and Goals of Professionalism* ¶ 6.10). The attorneys for both parties told the Court at the hearing that the motion to compel could have been avoided if one side had called the other (Hearing). At the hearing, the parties also agreed to the schedule set forth below (Hearing). So, the motion to compel resulted from the parties' failure to communicate.

Now, Defendant requests an award of attorney's fees and costs associated with the motion to compel (Doc. 48, at 8-10).[4] This request is made pursuant to FED. R. CIV. P. 37, 28 U.S.C. § 1927, and the Court's inherent power (Id.). Rule 37(a)(5) provides that if a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Still, the court will not order this payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A). A party's objection to discovery is substantially justified if "reasonable people could differ as to the appropriateness of the contested action." Maddow v. Procter & Gamble Co., Inc., 107 F.3d 846, 853 (11th Cir. 1997) (citation omitted). The Court finds that Defendant filed the motion to compel before attempting in good faith to obtain the discovery without judicial intervention and therefore, fees and costs are not recoverable under Rule 37.

---

[4] Defendant also argues that the amended complaint should be dismissed but the facts do not warrant this sanction (Doc. 48, at 8).

- 4 -

Title 28 U.S.C. § 1927 provides that "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Court's inherent power and § 1927 are considered together because "the court's inherent power to issue sanctions for vexatious conduct by attorneys does not reach further than § 1927." Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1239 (11th Cir. 2007).

To impose sanctions under § 1927, the Court must make the following three findings: (1) the attorney's conduct was unreasonable and vexatious; (2) that conduct multiplied the proceedings; and (3) the amount awarded may not be more than the costs and attorney's fees reasonably incurred due to the conduct. Id. (quoting Peterson v. BMI Refractories, 124 F.3d 1386 (11th Cir. 1997)). "[A]n attorney multiplies proceedings 'unreasonably and vexatiously' within the meaning of the statute only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" Id. (quoting Avirgan v. Hull, 932 F.2d 1572, 1582 (11th Cir. 1991)). "[T]he district court must compare the attorney's conduct against the conduct of a 'reasonable' attorney and make a judgment about whether the conduct was acceptable according to some objective standard. The term 'vexatiously' similarly requires an evaluation of the attorney's objective conduct." Id. at 1239-40. A malicious intent or bad purpose is not required. Id. at 1240. "[O]bjectively reckless conduct is enough to warrant sanctions even if the attorney does not act knowingly and malevolently." Id. at 1241. Negligent conduct, i.e., conduct not expected from a reasonable attorney, fails to warrant sanctions under § 1927. Id. "[A]n attorney's conduct must be particularly egregious to warrant the imposition of sanctions–the attorney must knowingly or recklessly pursue a frivolous claim or needlessly obstruct the

litigation of a non-frivolous claim." Id. at 1242. Plaintiff's counsel's failure to respond to the November email regarding deposition dates and the February ultimatums, while disappointing, was not so unreasonable and vexatious as to warrant sanctions under § 1927 or the Court's inherent power.

So that the failure to communicate ceases to be a problem in this case the lawyers are on notice that if one side believes the other is failing to timely communicate a motion should be filed and if the Court is persuaded it will order a weekly telephone conference, on a day and time set by the Court, until this case is resolved. In the meantime, the motion to compel is **GRANTED in part** and **DENIED in part** as follows:

(1) By March 28, 2020, the parties shall:

(a) coordinate a date for Plaintiff's deposition to occur on or before April 8, 2020; and

(b) a date for mediation on or before May 15, 2020.

(2) If the parties are unable to coordinate Plaintiff's deposition or the mediation, then they shall file a notice with the Court which will set the schedule for them.

(3) Plaintiff shall provide Defendant with a signed HIPAA release and sworn answers to the interrogatories on or before March 27, 2020.

(4) Any party who believes the other side is not fulfilling its obligation to communicate may file a motion to that effect and if the Court is persuaded it will set a schedule of weekly telephone calls where council shall meet and confer about all pending matters.

**DONE** and **ORDERED** in Orlando, Florida on March 25, 2020.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties