UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLAUDIA SPOERER,

      Plaintiff,

v.                                                          Case No:   6:19-cv-1216-Orl-41GJK

KROGER SPECIALTY PHARMACY,
LLC,

      Defendant.
_____

## REPORT AND RECOMMENDATION

This case is before the Court on Defendant's Motion for Sanctions (Doc. 49). I held a hearing on the motion and now, recommend that it be **denied**.

Unless another source is indicated, the following facts and procedural history are taken from the Court's Order granting in part Defendant's Motion to Dismiss Counts Two and Five (Doc. 45). Plaintiff worked for Defendant from August 2014 until she resigned in May 2019 (Id., at 2). She alleges that during her employment she suffered from a qualified disability for which Defendant refused to provide adequate accommodations and for which she was discriminated against in the form of being passed over for promotions (Id., at 3-6).

Plaintiff instituted this lawsuit in July 2019 (Doc. 1) and Defendant responded with a motion to dismiss which identified several problems with Plaintiff's complaint, including that it asserted claims for individual liability under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; it failed to satisfy minimum pleading standards; and asserted duplicative claims (Doc. 15, at 1, 3-5). Plaintiff sought leave to file an amended complaint (Doc. 17), which was denied for failure to comply with Local Rules 3.01(a) and (g) (Doc.

18). Plaintiff followed up with an amended motion for leave to amend (Doc. 23), that was granted (Doc. 27). Plaintiff's amended complaint removed the individual Defendants but did not correct the other problems identified by Defendant (Doc. 28).

Defendant filed its second motion to dismiss, requesting dismissal of counts two and five pursuant to FED. R. CIV. P. 12(b)(6) for the same reasons asserted in its first motion to dismiss (Doc. 31, at 1). Defendant also included a request for attorney's fees and costs under 28 U.S.C. § 1927 (Id., at 5). Once again, Plaintiff responded by filing a motion for leave to amend her complaint (Doc. 32), and once again, the motion was denied for failure to comply with Local Rules 3.01(a) and (g) (Doc. 33). Plaintiff then filed an amended motion for leave to file a second amended complaint (Doc. 37), which was denied for failure to comply with Local Rule 3.01(a) (Doc. 40). Plaintiff failed to respond to the second motion to dismiss.

On January 22, 2020, the Court granted the second motion to dismiss in part, dismissing counts two and five of the amended complaint (Doc. 45).[1] The Court reserved ruling on Defendant's request for an award of attorney's fee and costs, and directed the parties to brief the issue (Id., at 7). Specifically, the Court gave Defendant permission to "file a motion of no more than ten pages addressing its request for attorney's fees and costs *associated with filing the Second M[otion to Dismiss]*." (Id.) (emphasis added).

The pending motion for sanctions asks the Court to award Defendant attorney's fees and costs associated with the second motion to dismiss and for "filing motions that could easily have been avoided." (Doc. 49, at 10). Relief is sought pursuant to 28 U.S.C. § 1927 and the Court's inherent authority (Doc. 49). The sanctions motion reviews the

---

[1] Defendant has yet to file an answer to the amended complaint.

history of the first motion to dismiss, Plaintiff's attempts to amend her pleadings, and Plaintiff's counsel's history of disciplinary action from The Florida Bar (Id.). At the hearing, defense counsel presented the Court with a seven-page single-spaced case chronology, detailing the procedural history and communications (or lack thereof) between the parties' counsel (Hearing). Plaintiff has filed a response to the chronology, identifying the points upon which the parties agree and disagree (Doc. 54).

According to Defendant's chronology, its lawyer called Plaintiff's lawyer on November 8, 2019, to confer regarding the defects in the amended complaint (Chronology, ¶ 25). Plaintiff's lawyer was not available and defense counsel says she left a message that Defendant would file a motion to dismiss if the parties could not resolve their differences and that Defendant intended to move for sanctions under 28 U.S.C. § 1927 (Id.). Plaintiff agrees the call was made, but the message left for Plaintiff's lawyer read, "Taylor was calling in regard to the Kroger case. Taylor wanted to let you know that they will not oppose you amending. Without amendment the counts are baseless and duplicative. If you do not, they will do another motion to dismiss and sanction 1927." (Doc. 54, ¶ 25). So, the parties agree that Defendant's lawyer phoned Plaintiff's lawyer on November 8th and left a message that asserted that there were defects in the amended complaint and that a motion for sanctions under § 1927 would be filed if the defects were not remedied. On November 12, 2019, Defendant filed its second motion to dismiss (Doc. 31). As Plaintiff points out, November 8th was a Friday, the following Monday was Veteran's Day, and the second motion to dismiss was filed on Tuesday (Doc. 50, ¶¶ 15, 16).

Title 28 U.S.C. § 1927 provides that: "Any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to

satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Court's inherent power and § 1927 are considered together because "the court's inherent power to issue sanctions for vexatious conduct by attorneys does not reach further than § 1927." Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1239 (11th Cir. 2007).

To impose sanctions under § 1927, the Court must make the following three findings: (1) the attorney's conduct was unreasonable and vexatious; (2) that conduct multiplied the proceedings; and (3) the amount awarded may not be more than the costs and attorney's fees reasonably incurred due to the conduct. Id. (quoting Peterson v. BMI Refractories, 124 F.3d 1386 (11th Cir. 1997)). "[A]n attorney multiplies proceedings 'unreasonably and vexatiously' within the meaning of the statute only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" Id. (quoting Avirgan v. Hull, 932 F.2d 1572, 1582 (11th Cir. 1991)). "[T]he district court must compare the attorney's conduct against the conduct of a 'reasonable' attorney and make a judgment about whether the conduct was acceptable according to some objective standard. The term 'vexatiously' similarly requires an evaluation of the attorney's objective conduct." Id. at 1239-40. A malicious intent or bad purpose is not required. Id. at 1240. "[O]bjectively reckless conduct is enough to warrant sanctions even if the attorney does not act knowingly and malevolently." Id. at 1241. Negligent conduct, i.e., conduct not expected from a reasonable attorney, fails to warrant sanctions under § 1927. Id. "[A]n attorney's conduct must be particularly egregious to warrant the imposition of sanctions–the attorney must knowingly or recklessly pursue a frivolous claim or needlessly obstruct the litigation of a non-frivolous claim." Id. at 1242.

The question before the Court is whether Plaintiff's failure to promptly correct all of the deficiencies in her complaint that were identified in the first motion to dismiss; her lawyer's failure to respond to defense counsel's Friday phone call before the second motion to dismiss was filed on Tuesday; and her failure to correct her complaint before the Court ruled on the second motion to dismiss, viewed separately or together, meet the standard of unreasonable and vexatious conduct required to impose sanctions pursuant to § 1927 and the Court's inherent authority. In my view, they do not. The Court could find that Plaintiff's lawyer acted negligently, but the record does not support a finding that he acted recklessly or that his conduct was tantamount to bad faith. Because the Court limited Defendant's sanction motion to attorney's fees and costs associated with filing the second motion to dismiss, I have not analyzed the other matters about which Defendant complains. Now, I **RESPECTFULLY RECOMMEND** that the Motion for Sanctions be **DENIED.**

The proceedings in this case have been needlessly multiplied by the conduct of counsel. The attorneys have repeatedly failed to comply with Local Rule 3.01(g), either by not contacting opposing counsel in the first instance (Docs. 18, 33), or by sending ultimatums via correspondence (Doc. 22-2; Doc. 48-14, at 2; Doc. 48-15, at 2). Plaintiff's lawyer has not fulfilled his responsibility to timely respond to opposing counsel and to requests for Rule 3.01(g) conferences and, Defendant's lawyer showed a lack of professional courtesy when she failed to inform Plaintiff's lawyer that Defendant had unilaterally cancelled the mediation of this controversy (Doc. 52, ¶ 35). In a prior Order I told the lawyers that if they believe the other side is failing to timely communicate, then a motion should be filed, and if I am persuaded, I will take all necessary action, including holding a weekly telephone conference until this case is resolved, to insure that the

2

parties meet-and-confer before additional disputes are brought to the Court. Here, I reiterate my willingness to act if counsel are unable to timely communicate in-person or by telephone about this case.

**Notice to Parties**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. <u>See</u> 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on April 8, 2020.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record